UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| LYNDSEY JOHNSON, | § | |
| --- | --- | --- |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 3:17-CV-2352-B |
| SERVITAS, LLC, and SERVITAS MANAGEMENT GROUP, LLC, | § | |
| Defendants. | § | |

## MEMORANDUM OPINION ORDER

Before the Court is Plaintiff's Motion to Remand. Doc. 7. For the reasons that follow, the Court **GRANTS** the motion.

### I.

### BACKGROUND[1]

This is an employment discrimination case. Plaintiff Lyndsey Johnson worked for Defendants Servitas LLC and Servitas Management Group LLC (collectively "Servitas") as a vice president. She claims that Servitas violated the Texas Commission on Human Rights Act (TCHRA) by discriminating against her because of her sex and disability and by retaliating against her for requesting an accommodation under the Americans with Disabilities Act (ADA). Doc. 1-2, Compl., ¶¶ 62, 71, 80. Johnson filed her suit in Texas state court, but Servitas removed the case to this Court on the basis of federal-question jurisdiction. Doc. 1, Notice of Removal, 3. Johnson filed a motion to remand, Doc. 7, which is now ripe for resolution.

---

[1] The facts included in this Order are primarily drawn from Plaintiff's Verified Original Petition (Doc. 1-2) and Defendants' Notice of Removal (Doc. 1) and are undisputed.

## II.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.* Servitas is that party here.

28 U.S.C. § 1441(a) allows a defendant to remove any civil action to federal court if that action falls within the district court's original jurisdiction. This case was removed on the basis of federal-question jurisdiction under 28 U.S.C. § 1331. A district court has federal-question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The most direct way a case arises under federal law is "when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). But there is a backdoor to federal court reserved for a "small and special" group of state-law claims. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006). "That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258.

But regardless of how a removing defendant wants to enter federal court, courts must employ the well-pleaded complaint rule to determine whether there is federal-question jurisdiction. *PlainsCapital Bank v. Rogers*, No. 16-41654, 2017 WL 4838393, at *3 (5th Cir. Oct. 25, 2017) (per curiam). Under the well-pleaded complaint rule, "district court[s] must look to the way the complaint is drawn to see if it . . . claim[s] a right to recover under the Constitution and laws of the

United States." *Bell v. Hood*, 327 U.S. 678, 681 (1946). Put another way, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). So if a plaintiff wants her case to stay in state court, she must ensure her claims rely exclusively on state law. *Id.* This ability makes the plaintiff "the master of the claim." *Id.*

### III.

### ANALYSIS

Servitas argues that this Court has jurisdiction over Johnson's state-law claims because (1) she alleged a federal Title VII claim in her charge of discrimination (Charge) and (2) her TCHRA claims necessarily involve the ADA, a federal law. Doc. 1, Notice of Removal, 1–3; *see also* Doc. 10, Defs.' Resp., 6. Johnson moves the Court to remand the case, maintaining that her complaint only contains state-law claims. Doc. 8, Br. in Supp. of Pl.'s Mot. to Remand, 6–9. Johnson explains that the references she makes to the ADA in her petition and elsewhere were solely for the purpose of demonstrating that Servitas knew she had requested an accommodation for her disability, not to state an ADA claim. *Id.* And according to Johnson, she had to allege Servitas knew about her ADA request to avoid dismissal. *Id.* Since Servitas carries the burden of establishing federal jurisdiction, the Court will address Servitas's arguments in turn; if they are merritless, the Court must remand.

Servitas first argues that this case should stay in federal court because Johnson asserted a sex discrimination claim under Title VII. Doc. 1, Notice of Removal, 1–2. But Johnson's Title VII claim only appears in her Charge, not in her complaint. And it is Johnson's complaint, not the Charge, that matters. *See Bell*, 327 U.S. at 681. Indeed, "[a] mere reference to Title VII violations in [a] charge [of discrimination] . . . will not establish federal question jurisdiction for purposes of a motion

to remand where Plaintiff has chosen not to plead them and affirmatively indicates his intention to plead only state[-] law claims." *Christiason v. Merit Tex. Props., L.L.C.*, 393 F. Supp. 2d 435, 437–38 (N.D. Tex. 2005); *see also Williamson v. Pay & Save, Inc.*, 205 F. Supp. 3d 863, 867 (W.D. Tex. 2015) ("[T]he fact that Plaintiff relied on her [c]harge to prove that she exhausted her administrative remedies does not create federal question jurisdiction."). Johnson, as the master of her claims, has decided not to include a Title VII claim in her complaint, so the Court may not exercise federal jurisdiction on that basis. Had Johnson "attached and fully incorporated the Charge into [her] complaint," then perhaps the outcome would be different. *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014).

Servitas next argues that the Court has jurisdiction because Johnson's TCHRA claims necessarily involve the ADA. Doc. 1, Notice of Removal, 3. Put another way, Servitas asserts that Johnson's TCHRA claims cannot be resolved without first interpreting the ADA, which means Johnson necessarily invokes federal law in her complaint. *Id.* As mentioned above, federal courts have "jurisdiction over a state law claim . . . if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258.

The necessarily-raised element comes first. "A federal issue is 'necessarily raised' when a court must apply federal law to the facts of the plaintiff's case." *Bd. of Comm'rs of the Se. La. Flood Prot. Auth.-E. v. Tenn. Gas Pipeline Co.*, 29 F. Supp. 3d 808, 853 (E.D. La. 2014). The Court concludes that application of the ADA is unnecessary to resolve Johnson's case. Johnson's complaint mentions the ADA many times. *See, e.g.*, Doc. 1-2, Compl., ¶¶ 37, 44, 54, 57, 78–79. But the complaint does not contain a request for ADA-related relief or ADA-related allegations. The closest the complaint

gets is in paragraph 78: "Plaintiff engaged in protected activity when she requested a reasonable accommodation under the ADA and when she asserted in her letters submitted to Defendants that Defendants were violating her ADA rights." *Id.* ¶ 78. Johnson is not alleging that Servitas violated the ADA, but that she told Servitas that it was. Her ADA-related allegations are factual, not legal. *See Hardin v. Morgan Bldgs. & Spas, Inc.*, No. CIVA SA-07-CA-388-FB, 2007 WL 2021775, at *2 (W.D. Tex. June 26, 2007) (remanding in spite of factual reference to federal law). And Johnson needed to allege in her complaint that she submitted an ADA-related complaint to Servitas to avoid dismissal—a TCHRA plaintiff must plead that she put her employer on notice of the discriminatory practices. *Esparza v. Univ. of Tex. at El Paso*, 471 S.W.3d 903, 914 (Tex. App.—El Paso 2015, no pet.). In sum, "[b]ecause [Johnson] only asserts a state-law cause of action and seeks only state-law remedies, the Court finds that [her] claim does not 'arise under' federal law." *Rios v. Friendly Hills Bank*, No. CV1704582BROJPR, 2017 WL 3530348, at *4 (C.D. Cal. Aug. 16, 2017) (remanding a case involving a state-law claim that referred to the ADA). So the Court must remand. Because Servitas has not met the *Gunn* test's first element, the Court need not consider the other three.

## IV.

## CONCLUSION

For the reasons stated, the Court does not have jurisdiction. Therefore, the Court **GRANTS** Johnson's Motion to Remand. Doc.7. Johnson's request for attorney fees is **DENIED**.

**SO ORDERED.**

**SIGNED:** November 21, 2017.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE